J-S31014-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM CORNISH | : | |
| | : | |
| Appellant | : | No. 2765 EDA 2017 |

Appeal from the PCRA Order August 2, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1208151-1970

BEFORE:  SHOGAN, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED OCTOBER 05, 2018**

Appellant, William Cornish, appeals *pro se* from the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In a previous decision, this Court reproduced the following procedural history of this case:

> On May 17, 1972, a jury found Appellant guilty of charges of holding a hostage within a penal institution and rioting by a prisoner.  On March 21, 1978, Appellant was sentenced to life [imprisonment] for the hostage conviction, with a ten year probationary term for the riot charge, to be served consecutively to the life sentence.
>
> On March 27, 1978, Appellant filed a Notice of Appeal with the Superior Court.  On May 18, 1979, the Superior Court affirmed the Judgment of Sentence.  Then, on October 31, 1979, the Supreme Court of Pennsylvania denied Appellant's application for allocator (sic).  On May 8, 1980, Appellant filed a petition under

the Post Conviction Hearing Act [("PCHA")].[1] The PCHA court dismissed the petition on March 2, 1981. Appellant appealed the dismissal and on March 25, 1987, the Superior Court reversed the PCHA court and remanded the matter for further proceedings. On April 5, 1995, the PCRA court dismissed the PCRA petition. Appellant, again, filed a Post Conviction Relief Act petition on October 22, 2008. Notice of this [c]ourt's intention to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907, was sent on October 19, 2010. On October 29, 2010, Appellant filed a response to the notice letter.

**Commonwealth v. Cornish**, 46 A.3d 810, 1934 EDA 2011 (Pa. Super. filed February 8, 2012) (unpublished memorandum at 1-2) (quoting PCRA Court Opinion, 7/11/11, at 1-3). The PCRA court dismissed Appellant's PCRA petition on July 11, 2011. On February 8, 2012, this Court affirmed the decision of the PCRA court, and our Supreme Court denied Appellant's subsequent petition for allowance of appeal. **Commonwealth v. Cornish**, 46 A.3d 810, 1934 EDA 2011 (Pa. Super. 2012) (unpublished memorandum), *appeal denied*, 48 A.3d 1246 (Pa. 2012).

Appellant filed the instant PCRA petition on March 21, 2016. On April 20, 2017, pursuant to Pa.R.Crim.P. 907, the PCRA court issued notice of its intent to dismiss Appellant's petition. Appellant filed a response on May 9, 2017. The PCRA court then dismissed the petition on August 2, 2017. This timely appeal followed. The PCRA court did not direct Appellant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

_____

[1] The PCHA was repealed and replaced by the PCRA for petitions filed on or after April 13, 1988.

On August 30, 2017, the PCRA court refiled its opinion dated August 2, 2017, that had accompanied the order dismissing the PCRA petition.

Appellant presents the following issue for our review, which we reproduce verbatim:

> WHETHER APPELLANT'S STATUS AS AN ADOLESCENT FALLS WITHIN THE STATUTORY DEFINITION OF PENNSYLVANIA LAW GOVERNING "MINOR-CHILDREN" FOR THE PURPOSE OF THE APPLICATION TO BE APPLIED TO POST CONVICTION RELIEF ACT PROVISION UNDER THE RETROACTIVITY PROVISION OF SECTION 9545(B)(1)(iii) infra. OF TITLE 42 PA. C. S. GIVEN THAT THE STATE COURTS ARE "FREE" TO CONSIDER THE POLICY FOR THOSE SENTENCED PRISONERS SERVING A LIFE SENTENCE WITHOUT THE POSSIBILITY OF PAROLE BY DEFINITION UNDER DANFORTH vs. MINNESOTA, infra. OF THOSE ADOLESCENCES UNDER THE AGE OF THE EARLY "TWENTIES (20's).

Appellant's Brief at 3.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014).

Initially, we must address whether Appellant satisfied the timeliness requirements of the PCRA. A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. **Commonwealth v. Cintora**, 69 A.3d 759, 762 (Pa. Super. 2013).

Effective January 16, 1996, the PCRA was amended to require a petitioner to file any PCRA petition within one year of the date the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Where a petitioner's judgment of sentence became final on or before the effective date of the amendment, a special grace *proviso* allowed first PCRA petitions to be filed by January 16, 1997. **See Commonwealth v. Alcorn**, 703 A.2d 1054, 1056-1057 (Pa. Super. 1997) (explaining application of PCRA timeliness *proviso*).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and

(iii), is met.[2]  A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented.  42 Pa.C.S. § 9545(b)(2).  In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2).  *Commonwealth v. Carr*, 768 A.2d 1164, 1167 (Pa. Super. 2001).

As previously stated, this Court affirmed stated Appellant's judgment of sentence on May 18, 1979, and our Supreme Court denied *allocatur* on October 31, 1979.  Appellant did not file a petition for *writ of certiorari* with the United States Supreme Court.  Accordingly, Appellant's judgment of sentence became final on January 29, 1980, ninety days after the

_____

[2] The exceptions to the timeliness requirement are:

(i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

Pennsylvania Supreme Court affirmed Appellant's conviction and the time for seeking review with the United States Supreme Court expired. *See* 42 Pa.C.S. § 9545(b)(3) (providing that "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); U.S.Sup.Ct.R. 22.[3] Thus, Appellant's judgment of sentence became final prior to the effective date of the PCRA amendments. Appellant's instant PCRA petition, filed on March 21, 2016, does not qualify for the grace *proviso* because it was not his first PCRA petition, nor was it filed before January 16, 1997. Thus, the instant PCRA petition is patently untimely.

Again, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2).

Appellant attempts to invoke the third exception to the PCRA timeliness requirements, that being "the right asserted is a constitutional right that was

---

[3] We observe that the Rules of the Supreme Court of the United States pertaining to the time limit for filing a petition for *writ of certiorari* have changed various times in relation to both length of time and rule number. Rule 22, which became effective July 1, 1970, was applicable to this case, and it required the filing of a petition for a *writ of certiorari* within ninety days after the Pennsylvania Supreme Court denied *allocatur*. Rule 22 was replaced by Rule 20, effective June 30, 1980.

recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii).[4] In essence, Appellant relies upon the United States Supreme Court's decision in *Miller v. Alabama*, 132 S.Ct. 2455 (2012), for the proposition that adolescents should not receive life sentences without the possibility of parole. In *Miller*, the Court held that sentencing a juvenile convicted of a homicide offense to a mandatory term of life imprisonment without parole violates the Eighth Amendment's prohibition of cruel and unusual punishment. Accordingly, such sentences cannot be handed down unless a judge or jury first considers mitigating circumstances. *Id*. at 2475.

Subsequently, the United States Supreme Court issued its decision in *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016), clarifying that *Miller* applies retroactively. *Montgomery*, 136 S.Ct. at 735-736. In *Commonwealth v. Secreti*, 134 A.3d 77, 82 (Pa. Super. 2016), this Court held that the date of the *Montgomery* decision is to be used when calculating whether a petition is timely filed under the sixty-day rule of 42 Pa.C.S. § 9545(b)(2). *Secreti*, 134 A.3d at 82. Accordingly, under the holding of

_____

[4] We note that, to the extent Appellant attempts to rely upon various Pennsylvania statutes and claims that his "filing is grounded within the State statutory law which governs the status of a '**Minor-child**,'" Appellant's Brief at 8 (emphasis in original), the exception applies only to constitutional rights recognized by either the Pennsylvania or United States Supreme Court. 42 Pa.C.S. § 9545(b)(1)(iii).

*Secreti*, Appellant has satisfied the sixty-day rule of section 9545(b)(2), because the instant PCRA petition, filed on March 21, 2016, was filed within sixty days after *Montgomery* was decided on January 25, 2016.

At the outset, we observe that in *Miller*, the Court held that **sentencing schemes that mandate life in prison without parole** for defendants who committed their crimes while **under the age of eighteen** violate the Eighth Amendment's prohibition on "cruel and unusual punishments." *Miller*, 132 S. Ct. at 2460. The Court reasoned that in light of a juvenile's diminished culpability and heightened capacity for change, mandatory juvenile sentencing schemes pose too great a risk of disproportionate punishment, in contravention of the Eighth Amendment. *Id.* at 2469.

Here, although Appellant was sentenced to serve a term of life imprisonment, we note that such a sentence was **not mandatory**. Specifically, the relevant statute in effect at the time provided as follows:

**Holding a hostage**

Whoever, being imprisoned in any penal or correctional institution located in this Commonwealth, or having committed the offense of prison breach or having escaped from any such penal or correctional institution, by threats, coercion, intimidation or physical force takes, or holds, or carries away, or decoys, or entices away, or secretes, any person as a hostage, or for any other reason, is guilty of a felony, and upon conviction thereof, shall be sentenced to undergo imprisonment by separate and solitary confinement at labor for the term of his or her natural life, **or** to pay a fine not to exceed ten thousand dollars ($10,0000) and undergo imprisonment by separate and solitary confinement at labor **for any term of years**.

18 P.S. § 4723.1 (emphases added). The above-cited language from the statute reflects that Appellant's sentence of life imprisonment was not statutorily mandated. *See also Commonwealth v. Hunt*, 393 A.2d 686, 687-689 (Pa. Super. 1978) (setting forth the fact that the appellant, having been convicted of holding a hostage under 18 P.S. § 4723.1, was sentenced to a term of incarceration for a period of five to ten years and subsequently resentenced for a term of three to six years of incarceration).

In addition, our review of the certified record reflects that a presentence report was prepared in anticipation of Appellant's sentencing, which is indicative of the fact that Appellant was not facing a mandatory sentence of life imprisonment. Indeed, the presentence report specifically states that "[s]entenc[ing on the crime of holding a hostage] has been deferred pending a Presentence Investigation." Presentence Report, 2/9/78, at 2. Further, the presentence report contains the following language in its summary:

> It is evident from the criminal record that [Appellant] is a recidivist. It appears that [Appellant] is a person who does not try to live as a rational person, but one who lives by violence. The two [prior] arrests [for] which he was convicted reveal that [Appellant] has no respect for human dignity nor human life itself. [Appellant] is not only a probation risk by a parole risk.

*Id*. at 4. Also, the presentence report concludes with the following recommendation, which reflects that the trial court was not limited to imposing a term of life imprisonment but had complete discretion in fashioning a sentence: "Because of the seriousness of the crime [for] which [Appellant] was convicted, it is respectfully recommended that [Appellant] receive the

maximum period of incarceration." *Id*. at 6. Contrary to Appellant's assertions, the language from the crimes code and the presentence report reveal that the trial court was not mandated by statute to impose a sentence of life imprisonment. Consequently, because Appellant was not facing a mandatory sentence of life imprisonment, his reliance on *Miller* is misplaced.

Moreover, as previously state, the holding in *Miller* was limited to those offenders who were juveniles at the time they committed their crimes. *Miller*, 132 S.Ct. at 2460. In *Cintora*, this Court held that *Miller* is not an exception under section 9545(b)(1)(iii) to those over the age of eighteen at the time of the commission of their crimes. *Cintora*, 69 A.3d at 764. In *Cintora*, the co-appellants, who were nineteen and twenty-one years old at the time of their crimes, argued that *Miller* applied to them because a human brain does not fully develop until the age of twenty-five and because "it would be a violation of equal protection for the courts to treat them[,] or anyone else with immature brains, as adults." *Cintora*, 69 A.3d at 764. This Court rejected these claims, stressing that the co-appellants' "contention that a newly-recognized constitutional right **should** be extended to others does not render their petition timely pursuant to section 9545(b)(1)(iii)." *Id*. (emphasis in original).

More recently, in *Commonwealth v. Furgess*, 149 A.3d 90 (Pa. Super. 2016), we reaffirmed our holding in *Cintora*. In *Furgess*, the appellant, who was nineteen years old when he committed his crimes, presented an argument

similar to Appellant's herein, maintaining that he "may invoke **Miller** because he was a 'technical juvenile'" based on "neuroscientific theories regarding immature brain development…." **Furgess**, 149 A.2d at 94. Relying on **Cintora**, the Court in **Furgess** reiterated that "petitioners who were older than 18 at the time they committed murder are not within the ambit of the **Miller** decision and therefore may not rely on that decision to bring themselves within the time bar exception in Section 9545(b)(1)(iii)." **Id**.

The PCRA court aptly addressed Appellant's attempt to invoke the third exception as follows:

> In an attempt to establish the "newly-recognized constitutional right" exception, 42 Pa.Cons.Stat. § 9545(b)(1)(iii), [Appellant] invoked the new right announced in **Miller v. Alabama**, 132 S.Ct. 2455 (2012). Although the United States Supreme Court in **Montgomery v. Louisiana**, 136 S. Ct. 718 (2016), *as revised* (Jan. 27, 2016), ruled that **Miller** has retroactive effect in cases on state collateral review, [Appellant] was over the age of eighteen at the time of the offense and convicted of a non-homicide offense, placing his sentence outside the reach of the Supreme Court's **Miller** decision. **Miller**, 132 S.Ct. at 2460. Therefore, [Appellant] has failed to invoke this exception, and his petition must be dismissed as untimely.

PCRA Court Opinion, 8/2/17, at 1. We agree.

Our review of the certified record reflects that Appellant's date of birth is July 23, 1947. PCRA Petition, 3/21/16, at 3. The crimes for which Appellant was convicted occurred on July 4, 1970. **Id**. Thus, Appellant was over twenty-two years old when he committed his crimes. Based upon our holdings in **Cintora** and **Furgess**, it is apparent that the rule announced in **Miller** cannot

apply to Appellant, who was over eighteen years old when he committed his crimes.

In summary, the crime for which Appellant was convicted did not carry a mandatory sentence of life imprisonment, and Appellant was over eighteen years old when he committed the crime. Accordingly, Appellant's argument that **Miller** and its progeny should apply to his case fails, and he cannot satisfy the timeliness exception of Section 9545(b)(1)(iii).

Therefore, because Appellant's PCRA petition was untimely and no exceptions apply, the PCRA court correctly determined that it lacked jurisdiction to address the claims presented and grant relief. **See Commonwealth v. Fairiror**, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/5/18